# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

VELEKA BRYANT,

      Petitioner,

v.                                  CASE NO. 4:08cv442-RH/GRJ

SECRETARY, DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

## ORDER DENYING THE PETITION AND GRANTING A CERTIFICATE OF APPEALABILITY

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 23 and the objections, ECF No. 26. I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion with two additional notes.

First, the petitioner, a daycare worker, was convicted of abusing three children under age two. She asserts that her motion for a judgment of acquittal should have been granted. The critical evidence was a videotape showing the

abuse. This court's record includes a detailed description of what the videotape shows but does not include the videotape itself. The report and recommendation concludes, based on the description of the videotape, that the evidence was sufficient. In the objections, the petitioner takes no issue with the accuracy of the description and makes no assertion that a decision should be delayed so that the videotape can be made part of this record. From the unchallenged description of the videotape, it is clear that the petitioner is not entitled to relief in this federal habeas proceeding based on the claim that she was entitled to a judgment of acquittal.

Second, the petitioner was tried, convicted, and sentenced twice. After the first conviction, the petitioner received two *concurrent* five-year prison sentences. The petitioner successfully appealed the conviction. A different judge presided over the retrial and imposed two *consecutive* five-year prison sentences, thus in effect doubling the sentence. The petitioner asserts she is entitled to a presumption of vindictiveness and that the second sentencing judge gave an inadequate explanation for the greater sentence. The new judge did not address the vindictiveness issue at all; the judge explained the sentence as appropriate based on the evidence without mentioning the prior sentence or the appeal.

The report and recommendation concludes that a change in judges eliminates any presumption of vindictiveness. The petitioner correctly notes that

the Supreme Court decisions in this area do not precisely address a case just like this—a jury trial followed by a first judge's sentence followed by a successful appeal followed by another jury trial before a new judge and the new judge's imposition of a harsher sentence explained based on the judge's view of the proper sentence but without any reference to the prior sentence or appeal. *See Alabama v. Smith*, 490 U.S. 794 (1989); *Texas v. McCullough*, 475 U.S. 134 (1986); *Wasman v. United States*, 468 U.S. 559 (1984); *North Carolina v. Pearce*, 395 U.S. 711 (1969).

Every circuit that has addressed the issue has concluded that at least when a new judge imposes the second sentence and explains the increase in the sentence, there is no presumption of vindictiveness. But there apparently is some disagreement in the circuits on whether the presumption applies if the new judge does *not* explain the increase. Cases requiring an explanation include *United States v. Anderson*, 440 F.3d 1013, 1016 (8th Cir. 2006) (holding that the presumption does not apply when a different judge imposes the new sentence *and* the record contains nonvindictive reasons for the increase), *Macomber v. Hannigan*, 15 F.3d 155, 156-57 (10th Cir. 1994) (holding that the presumption does not apply when a different judge imposes the new sentence and provides an "on-the-record, wholly logical, nonvindictive reason for the [harsher] sentence"), *United States v. Newman*, 6 F.3d 623, 630-31 (9th Cir. 1993) (holding the

presumption does not apply when the new judge provides an "on-the-record, wholly logical, nonvindictive reason for the sentence"), and *Rock v. Zimmerman*, 959 F.2d 1237, 1257-58 (3d Cir. 1992) (holding the presumption inapplicable when a different judge imposes the second sentence *and* the record indicates nonvindictive reasons for the harsher sentence), *overruled on other grounds by Brecht v. Abrahamson*, 507 U.S. 619 (1993).  Cases apparently *not* requiring an explanation include *United States v. Cheek*, 3 F.3d 1057, 1064 (7th Cir. 1993) (holding the presumption inapplicable, apparently without requiring an explanation for the increase), *United States v. Perez*, 904 F.2d 142, 146 (2d Cir. 1990) (holding the presumption inapplicable, apparently without requiring an explanation), and perhaps *Goodell v. Williams*, 643 F.3d 490, 500-01 (6th Cir. 2011) (holding the presumption did not apply because the new judge explained the sentence; the court apparently did not require a specific explanation for the increase).  Finally, in *United States v. Rodriguez*, 602 F.3d 346, 358-59 (5th Cir. 2010), the court held that the presumption of vindictiveness did not apply; the court declined to decide whether the new judge *must* explain the increase but noted that the new judge *should* do so.       None of this helps the petitioner.  The most that can be said is that the law as established by the Supreme Court does not foreclose the petitioner's position.  But this does not entitle her to relief.  Under § 2254(d)(1), a petitioner is entitled to relief only when a state-court decision is contrary to, or involves an

unreasonable application of, clearly established federal law as determined by the United States Supreme Court—not when the relevant Supreme Court decisions leave an issue unsettled. No Supreme Court decision establishes that the petitioner is entitled to relief on this claim. To the contrary, the Supreme Court decisions suggest, if they do not squarely hold, the contrary. Moreover, even as an original matter, there is no reason to suppose that the petitioner's new sentence was vindictive.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has met the standard for a certificate of appealability on the presumption-of-vindictiveness issue. This conclusion draws support from the split in the circuits on whether the presumption applies when, as here, the new judge explains the new sentence but does not specifically explain the increase from the prior sentence. The petitioner has not made the showing required for a certificate of appealability on any other issue.

For these reasons,

IT IS ORDERED:

    1. The report and recommendation is ACCEPTED.

    2. The clerk must enter judgment stating, "The petition is DENIED with prejudice."

    3. A certificate of appealability is GRANTED on this issue: when a defendant successfully appeals a conviction and sentence and on remand is tried before and given an increased sentence by a new judge, must the new judge

explain why the new sentence is greater than the original sentence, or is it sufficient for the new judge to explain the sentence generally, without reference to the original sentence.

    4.  The clerk must close the file.

SO ORDERED on March 28, 2012.

                                    s/Robert L. Hinkle
                                    United States District Judge